**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **PEARL BROWN** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | **NO. 06-695** |
| **vs.** | : | |
| | : | |
| **JOHN E. POTTER, POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE** | : | |
| **Defendant.** | : | |

**DuBOIS, J.** **October 9, 2009**

**M E M O R A N D U M**

## I. Introduction

Plaintiff filed a pro se Complaint in this case on March 1, 2006. In the Complaint she avers that defendant's employee, Manager Freda Justice, fired her in retaliation for filing a worker's compensation claim.

Presently before the Court is defendant's Motion to Dismiss pursuant to Rule 12(b)(6) on the ground that plaintiff fails to state a claim upon which relief can be granted. Alternatively, defendant moves for Summary Judgment pursuant to Rule 56 on the ground that there is no issue of material fact, and that defendant is entitled to judgment as a matter of law. For the reasons stated below, the Court grants defendant's Motion to Dismiss. The alternative Motion for Summary Judgment is denied as moot.

## II. Background[1]

Pearl Brown was employed as a Sales and Service Associate at the Market Square Station of the United States Postal Service in Philadelphia, Pennsylvania, beginning in 2002. (Mot. Ex. 6 ¶ 1.) On August 23, 2004, Brown filed a claim for workers' compensation benefits with the Office of Workers' Compensation Programs ("OWCP") of the Department of Labor. (Mot. Ex. 6, Attach. A.) On her claim form, Brown described her condition as "current, constant pain in the thumb and webbed areas of both hands affecting daily activities that require utilizing hand motion." (Id.) She believed her condition resulted from "counting money straps, clips and varying amounts of cash at closing time quite frequently," as no other job she had performed in her postal career had previously resulted in injury. (Id.)

On September 27, 2004, Brown arrived at work with a note from Dr. Charles Leinberry stating that she could only work in a light duty capacity. (See Mot. Ex. 6, Attach. B.) Manager Freda Justice reviewed Brown's light duty request the following day and determined that there was no continuous light duty assignment that would meet her work restrictions. As a result, Justice sent Brown home for lack of light duty work on September 28. (Mot. Ex. 6 ¶ 7.)

Brown received a letter from her health insurance company dated October 11, 2004, stating, erroneously, that her workers' compensation claim had been accepted. (See Mot. Ex. 6, Attach. C.) When Brown brought the letter to Justice's attention a few weeks later, she offered Brown a limited light duty assignment. Brown accepted the position on November 20, 2004, and

---

[1] At the motion to dismiss stage, the facts are presented in the light most favorable to plaintiff. However, given that plaintiff's pro se Complaint is brief and does not provide all relevant background facts, some are, as noted, taken from the Defendant's Motion to Dismiss.

commenced work on November 22, 2004. (Mot. Ex. 6 ¶¶ 8-9.)

By letter dated November 19, 2004, OWCP denied Brown's claim for workers' compensation benefits.[2] (See Mot. Ex. 6, Attach. D.) When Justice learned of OWCP's decision in December 2004, she sent Brown home on or about December 7, 2004, as there was no light duty work available and Brown was not entitled to a light duty assignment by virtue of the OWCP decision. (Mot. Ex. 6 ¶ 11.)

Brown initiated the pro se case now before the Court on March 1, 2006, by handwriting an Eastern District of Pennsylvania complaint form. Her statement of claim reads,

> As a result on filing an on the job injury, manager Freda Justic[e] used this incident to take me off the clock on two (2) occa[]sions [September 28, 2004, and December 7, 2004]. She I feel, was exacting revenge for my exposing the 3 employees she favors unjustly on the job—at our crisis-intervention meeting dur[]ing the summer of 2004.

(Compl. ¶ 3.)

In October 2004, before initiating this suit, Brown filed a complaint with the EEOC. She alleged that she was taken off duty on September 28, 2004, in retaliation for filing an EEOC complaint and that the reason given for her dismissal – that there was no light duty available – was pretext for discrimination on the basis of color. (See Mot. Ex. 1.) On November 30, 2005, Administrative Judge Jose L. Perez found that Brown had failed to make out a prima facie case of discrimination because she had not engaged in any EEOC activity before being sent home on

[2] There is no apparent explanation for plaintiff's health insurance company's letter dated October 11, 2004, which stated that the claim for workers' compensation benefits had been accepted.

September 28, 2004, and she had not presented any evidence beyond a bare assertion that her dismissal was pretextual. (Mot. Ex. 4.) It should be noted, however, that Brown's Complaint filed in this Court does not reference her earlier EEOC complaint or allege retaliation on the basis of her race or color.

## III. Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that, in response to a pleading, a defense of "failure to state a claim upon which relief can be granted" may be raised by motion. In analyzing a motion to dismiss pursuant to Rule 12(b)(6), the Court "accept[s] all factual allegations as true, [and] construe[s] the complaint in the light most favorable to the plaintiff . . . ." Phillips v. County of Allegheny, 515 F.3d 224, 231, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

"To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level . . . .'" Victaulic Co. v. Tieman, 499 F.3d 227, 234 (3d Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In other words, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). To satisfy the plausibility standard, a plaintiff's allegations must show that defendant's liability is more than "a sheer possibility." Id. "Where a complaint pleads facts that are 'merely consistent with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557).

In Twombly, the Supreme Court utilized a "two-pronged approach" which it later

formalized in Iqbal. Iqbal, 129 S. Ct. at 1950. Under this approach, a district court first identifies those factual allegations which constitute nothing more than "legal conclusions" or "naked assertions." Twombly, 550 U.S. at 555, 557. Such allegations are "not entitled to the assumption of truth" and must be disregarded. Iqbal, 129 S. Ct. at 1950. The court then assesses "the 'nub' of the plaintiff['s] complaint—the well-pleaded, nonconclusory factual allegation[s] . . . —to determine" whether it states a plausible claim for relief. Id.

Plaintiff is proceeding pro se in this case. The Court is mindful of the instruction that it should read the submissions of pro se litigants generously and construe formally imperfect filings in accordance with the pro se litigant's substantive intent. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (holding pro se complaint to "less stringent standards than formal pleadings drafted by lawyers"). The Supreme Court has emphasized post-Twombly that dismissing a case on the basis that "allegations of harm [are] too conclusory to put these matters in issue" would violate the liberal pleading standard for pro se plaintiffs. Erickson v. Pardus, 551 U.S. 89, 94 (2007). As a result, the Court will consider plaintiff's claim under federal statutes that could provide relief from retaliatory firing in this context.

**IV. Discussion**

The Court construes plaintiff's Complaint as alleging that she suffered managerial retaliation due to her claim for workers' compensation benefits. As plaintiff does not claim relief under any particular federal statute, the Court will consider the Complaint with respect to the following: (1) Title VII of the Civil Rights Act of 1972, as amended, 42 U.S.C. § 2000 et seq. ("Title VII"); (2) the Federal Employee's Compensation Act ("FECA"), 5 U.S.C § 8116; (3) the

Federal Torts Claim Act ("FTCA"), 28 U.S.C. § 1346(b); and (4) Sections 501 and 504 of Rehabilitation Act of 1973 ("RHA"), 29 U.S.C. §§ 791, 794. Defendant's Motion to Dismiss discusses potential causes of action under Title VII, FECA, and FTCA; the Court raises the possibility of a cause of action under RHA sua sponte. For the reasons stated below, plaintiff has failed to state a claim under Title VII, FECA, FTCA, or RHA.

**A. Title VII of the Civil Rights Act of 1972**

Title VII provides, "It shall be an unlawful employment practice for an employer . . . to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a), (a)(1). Title VII also prohibits retaliation against employees who file complaints with the EEOC alleging unlawful employment practices. See 42 U.S.C. § 2000e-3(a).

Plaintiff's Complaint does not trigger the application of Title VII. First, plaintiff does not allege that her firing was due to her "race, color, religion, sex, or national origin"; she argues that it stemmed from "filing an on the job injury." (Compl. ¶ 3.) Second, plaintiff does not allege that she suffered retaliation as a result of her earlier EEOC complaint, but rather as "revenge for my exposing the 3 employees [Justice] favor[ed] unjustly on the job." (Id.) In short, plaintiff fails to state a claim based on an activity or class protected by Title VII.

**B. The Federal Employee's Compensation Act**

FECA provides compensation and other benefits to federal employees injured in the performance of their jobs. 5 U.S.C. § 8102. To challenge the denial of workers' compensation benefits, "a federal employee's sole recourse is through the Secretary of Labor." Suhr v. Runyon,

No. 95C50087, 1995 U.S. Dist. LEXIS 15548, at *3-*4 (N.D. Ill. Oct. 12, 1995) (citing Ezekiel v. United States, 66 F.3d 894, 898 (7th Cir. 1995)); see 5 U.S.C. § 8145. "The action of the Secretary or his designee in allowing or denying a payment under [FECA]" is "final and conclusive for all purposes and with respect to all questions of law and fact" and "not subject to review by another official of the United States or by a court . . . ." 5 U.S.C. § 8128(b). Further, FECA does not "afford[] a cause of action [in federal district court] to an employee who claims he was discharged in retaliation for filing a FECA claim." Am. Postal Workers Union, AFL-CIO, et al. v. U.S. Postal Serv., et al., 940 F.2d 704, 709 (D.C. Cir. 1991); see also Mercadel v. Runyon, No. 93-2435, 1994 U.S. Dist. LEXIS 9245, at *9 (E.D. Pa.. July 11, 1994). Rather, a federal employee must appeal an adverse employment decision, such as a wrongful termination, to the Merit Systems Protection Board, and plaintiff has failed to do so. See 5 U.S.C. § 7513(d); Am. Postal, 940 F.2d at 708. Under FECA, plaintiff cannot pursue her retaliation claim in this Court.

**C. The Federal Torts Claim Act**

Plaintiff's claim fares no better if pursued under FTCA. While the statute provides district courts with "exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for . . . loss of property . . . caused by the negligent or wrongful act or omission" of government employees, 28 U.S.C. § 1346(b)(1), FTCA does not provide a cause of action to postal workers challenging their termination on similar facts. The Postal Reorganization Act, which incorporates FECA and parts of the Civil Service Reform Act, created a narrowly-tailored system of "procedural safeguards for covered employees who have suffered adverse personnel actions" that preempts tort actions brought under the more general FTCA.

Am. Postal, 940 F.2d at 708; see also Jennifer v. Henderson, No. 98-496-KI, 1999 U.S. Dist. LEXIS 11931, at *8 (D. Or. July 30, 1999). Thus, "the Federal Torts Claim Act does not afford a cause of action to an employee claiming discharge in retaliation for filing a FECA claim." Miller v. U.S. Postal Serv., 815 F. Supp. 1195, 1201 (S.D. Ind. 1993); see also Suhr, 1995 U.S. Dist. LEXIS 15548, at *4; D'Antonio v. Runyon, No. 93-3278, 1994 U.S. Dist. LEXIS 15965, at *7 (E.D. Pa. Nov. 8, 1994).

**D. Sections 501 and 504 of Rehabilitation Act of 1973**

Finally, under RHA Sections 501 and 504, plaintiff cannot challenge her termination as unlawful disability discrimination. Section 501 requires federal agencies to structure their procedures and programs to give those with disabilities an equal opportunity to job assignments and promotions. 29 U.S.C. § 791(b). Section 504 prohibits discrimination against individuals on the basis of their disability "under any program or activity conducted by any Executive agency or by the United States Postal Service." 29 U.S.C. § 794(a). However, a federal employee is barred from suing a federal agency for violating Sections 501 and 504 if she has failed to exhaust the available administrative remedies. Spence v. Straw, 54 F.3d 196, 200-01 (3d Cir. 1995); see also Freed v. Consolidated Rail Corp., 201 F.3d 188, 192 (3d Cir. 2000) (affirming the holding of Spence when a federal employee sues a federal agency under the reasoning that if only Section 501 required administrative exhaustion, plaintiffs could use Section 504 to circumvent Congressionally required exhaustion). In this case, there is no evidence that plaintiff filed a complaint with the Department of Labor to allege discrimination on the basis of disability, an act that would constitute only the first step toward administrative exhaustion. Because plaintiff failed to pursue administrative remedies available to her, she cannot seek relief under RHA

Sections 501 or 504 in this Court.

Plaintiff has no cause of action under Title VII, FECA, FTCA, or RHA. Thus the Court grants defendant's Motion to Dismiss on the ground that plaintiff fails to state a claim upon which relief can be granted. It is unnecessary for the Court to reach defendant's alternative Motion for Summary Judgment.

## V. Conclusion

For the foregoing reasons, defendant's Motion to Dismiss is granted without prejudice to plaintiff's right to file an amended complaint within twenty days of the entry of the attached order if warranted by the facts.

An appropriate order follows.